STAPLES, J.,
delivered the opinion of the court.
The court is of opinion, that whether general pecuniary legacies are chargeable on real estate is always a question of intention ; that this intention is to be ascertained, not by parol proof of the declarations of the testator, but by reference, as in other cases, to the provisions of the will and the circumstances surrounding *its author. And in examining the instrument, the language used must receive that interpretation which a long series of decisions have attached to particular words. One of the- rules or canons'of construction is, that where there is a general gift of legacies, and then the testator gives the rest and residue of his property, real and personal, the legacies are chargeable upon the realty. It is considered that the testator, in blending his real and personal estate into a common fund, plainly indicates his purpose to make no distinction between them. And as there is no previous devise of any portion of the real estate, the residue can only mean what remains after .satisfying the legacies.
This is the established doctrine of the English courts; is almost universally recognized in this country; and was acted on by the court in Crouch v. Davis' ex’or, 23 Gratt. 62; where the authorities are cited. See Greeville v. Brown, 7 House of Lords 'cases 688; Smith’s ex’or v. Smith, 17 Gratt. 268. In the present case the testator, after various pecuniary legacies to a large amount, gives all his remaining estate, property and credits, real and personal, to his daughter, Mrs. Susan J. Walker. The testator in thus using the words 1 ‘remaining estate,” can only mean what remains after the previous dispositions; and as there is no previous disposition of any part of the realty, the legacies must be looked to to satisfy the terms of the residuary clause. The court is therefore of opinion that the Circuit court erred in holding that the legacies given by the testator are not chargeable upon his real estate.
The court is further of opinion that Mrs. Mary Sampson, the wife of the testator, having died during his lifetime, leaving issue who survived the testator, the legacy of twenty thousand dollars which was given to her passed to her issue under the provisions of the x13th section, chap. 122, Code of 1860. That section declares that “if a devisee or legatee die before the testator leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof be made or required by the will. ’ ’
There is nothing in the will here indicating in the slightest degree, that the testator designed or desired a different disposition of the legacy from that pointed out by the statute. The court is therefore of opinion that the Circuit court erred in holding that the legacy aforesaid lapsed by the death of Mrs. Sampson in the lifetime of her husband, and passed into the residuum of the estate.
Eor these errors the decree must be reversed, and the case remanded for further proceedings in conformity with these views.
Decree reversed.